(No. 2963— ▮▮▮▮▮▮▮▮▮▮▮)

FIRESTONE TIRE AND RUBBER COMPANY, Claimant, *vs.* STATE OF
ILLINOIS, Respondent.

*Opinion filed June 3, 1937.*

PFEIFER, FIXMER & GASAWAY, for claimant.

OTTO KERNER, Attorney General; MURRAY F. MILNE,
Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Under a stipulation of facts filed in this cause it appears
that claimant sold and delivered to the Division of Highways,
Department of Public Works and Buildings of the State of
Illinois, several orders of automobile tires and tubes; the
dates thereof being, August 3rd, August 15, August 28th,
October 26th and September 5th, 1934 and June 3rd, 1935,
all in the total sum of One Thousand One Hundred Forty Four
and 90/100 ($1,144.90) Dollars; that claimant submitted its
bills for said merchandise on March 1st, 1936, except for the
items delivered to respondent on September 5th, 1934, for
which a bill was submitted to the Chief Clerk of the Division
of Highways on April 7th, 1936; that the appropriation from
which such bills were properly payable lapsed September
30th, 1935, at which time ample funds remained in said ap-
propriation.

The Attorney General contends that the delay upon the
part of claimant from June 3rd, 1935 to March 1st, 1936, in
presenting its bill is an unreasonable delay and that by reason
of such laches claimant has lost any right to an award in pay-
ment of its account. As a matter of fact the lapse of time
appears to have been nine months between the last shipment
of June 3rd, 1935 and the filing of claimant's bill on March
1st, 1936. However, counsel for respondent also calls atten-
tion to the fact that only one and one-half months elapsed
between the time of the delivery of the last order and the
lapse of the appropriation from which account might have

been paid. Inasmuch as claimant would thereafter have to await a new appropriation, the difference of a few months in presenting his claim should not in the opinion of the court be construed too strictly against claimant, in view of the repeated holdings by this court that, where the facts are undisputed that the State has received supplies as ordered by it, and that such supplies were legally purchased by the State, and that the only reason same have not been paid for is by reason of the lapsing of the appropriation, an award will be made, unless it clearly appears that claimant has delayed an unreasonable length of time in presenting its bill. The purpose of requiring that bills be presented within a reasonable time is to avoid vexatious annoyance to the State in determining the facts as to the merit of such claim. The facts herein appear to justify the allowance of claimant's bill and the same is hereby allowed, and an award made in favor of claimant for the amount thereof in the sum of One Thousand One Hundred Forty Four and 90/100 ($1,144.90) Dollars.